UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CASE NO.

NADINE FRASER,

     Plaintiff,

v.

ROYAL SHELL VACATIONS, INC.,
a Florida Corporation,

     Defendant.

_____/

## COMPLAINT AND DEMAND FOR A JURY TRIAL WITH DECLARATORY AND INJUNCTIVE RELIEF REQUESTED

Plaintiff, NADINE FRASER ("Ms. Fraser" or "Plaintiff"), by and through her undersigned counsel, sues the Defendant, ROYAL SHELL VACATIONS, INC., ("Defendant" or "RSV") and alleges the following:

1.     Plaintiff brings these claims against RSV for its termination of Plaintiff in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 626 (b) & (c), and 29 U.S.C. § 623(a)(1), the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*. ("ADA"), the Florida Civil Rights Act ("FCRA"), Chapter 760, Fla. Stat, and the Florida Whistleblower Act, Section 448.102(3), Florida Statutes ("FWA"). Plaintiff is seeking damages, including back pay, front pay, lost employment benefits, compensatory damages, punitive damages, declaratory and

injunctive relief, interest, and her attorneys' fees and costs.

## VENUE, JURISDICTION, AND PARTIES

2.      RSV is a Florida corporation located in Lee County, Florida, which at all times relevant performed work in Lee County, Florida.

3.      This Court has original jurisdiction over Plaintiff's ADA and ADEA claims pursuant to 28 U.S.C. § 1331, and this Court also has supplemental jurisdiction over Plaintiff's FCRA and FWA claims, as they arise out of the same operative facts and circumstances as her federal claims.

4.      Plaintiff at all times material was a resident of Lee County, Florida, and worked for Defendant in Lee County, Florida.

5.      Jurisdiction and Venue are proper in this Court, as the actions giving rise to this action arise under federal law, and occurred in Lee County, Florida.

6.      Defendant, at all times material to this Complaint, employed ten (10) or more employees, and is therefore a covered employer as defined by the FWA.

7.      Defendant, at all times material to this Complaint, employed fifteen (15) or more employees, and is therefore a covered employer as defined by the ADA and FCRA.

8.      Defendant, at all times material to this Complaint, employed twenty (20) or more employees, and is therefore a covered employer as defined by the ADEA.

9.     Plaintiff is a disabled female. At all times material, Plaintiff was protected during her employment with Defendant by the FCRA and ADA because:

a.     Plaintiff was a disabled or "perceived as disabled" employee who suffered discrimination and harassment because of her disability or "perceived disability" by Defendant; and

b.     Plaintiff was retaliated against and suffered adverse employment action and was subjected to an increasingly hostile work environment as a result of her disability or "perceived disability."

## CONDITIONS PRECEDENT

10.     Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") on or about April 19, 2021.

11.     On or around September 15, 2021, Plaintiff received her Notice of Right to Sue letter from the EEOC against Defendant, giving Plaintiff the right to bring a civil action on her claims within 90 days of her receipt of the same.

12.     More than 180 days have passed since the filing of the Charge of Discrimination.

13.     Plaintiff timely files this action within the applicable period of limitations against Defendant.

14.     All conditions precedent to this action have been satisfied and/or

waived.

## STATEMENT OF FACTS

15.    Ms. Fraser, who was born in 1967, worked for RSV as a Vacation Planning Center Manager from October 22, 2019, until her termination on June 26, 2020.

16.    Shortly thereafter, Ms. Fraser disclosed to RSV managers that she suffered from who suffers from rheumatoid arthritis, diabetes, and Lupus, all of which are considered protected disabilities under the ADA/FCRA.

17.    During her time with RSV, Ms. Fraser was a reliable employee, and had no significant history of attendance, tardiness, or disciplinary issues.

18.    Unfortunately, throughout Ms. Fraser's employment, her direct supervisor and Director of Revenue, Cantrella Canady ("Ms. Canady"), continuously made derogatory comments about Ms. Fraser's age.

19.    Specifically, Ms. Canady stated that "Baby Boomers such as [Ms. Fraser] are not technically savvy and will not go above and beyond in their employment."

20.    Notwithstanding the fact that Ms. Fraser is not a "Baby Boomer," these statements are direct evidence of discrimination in violation of the ADEA/FCRA.

21.    Ms. Canady made these types of discriminatory comments in staff meetings, and whenever Ms. Fraser objected to same, her manager simply dismissed

her concerns.

22.    Around March-April 2020, during the height of the pandemic, Governor Ron DeSantis issued various executive orders governing hotels and vacation homes and instructing its operators to ensure the safety of their guests through sanitation requirements and mandatory waiting periods.

23.    At a staff meeting soon after these executive orders were issued, both Guest Service Agent, Diane Hertz, and Director of Housekeeping, Heather Gerlach, informed our client and other employees that RSV would not act to be in compliance with Center of Disease Control ("CDC") and Occupational Safety and Health Administration ("OSHA") guidelines.

24.    This conduct is wholly violative of 29 C.F.R. § 1910.134, Florida Executive Orders 20-51 and 20-52, and the General Duty Clause of the Occupational Safety and Health Act ("OSHA").

25.    Perturbed by this information, Ms. Fraser immediately objected to RSV's illegalities; nevertheless, once again, her complaints were dismissed and the illegal activity continued.

26.    By means of example but not meant to constitute a complete list, President/Broker, Michael Polly, instructed his employees to change RSV's guest residence addresses in official paperwork to places such as Orlando, in order to deceive local authorities in Sanibel and Captiva Island and to avoid adhering to

state/local ordinances regarding interstate travel.

27.    As such, and despite Ms. Fraser's objections, RSV continued providing vacation and recreation services to the public at large, while ignoring both state and federal regulations.

28.    Around June 2020, unable to withstand the unlawful environment at RSV, Ms. Fraser approached Director of Human Resources, Lucille Ford ("Ms. Ford"), and objected to the unlawful age discrimination perpetrated by Ms. Canady as well as RSV's non-compliance with state and federal law regarding COVID-19.

29.    Furthermore, during this time, requested the reasonable accommodation to work from home due to being classified as a high-risk individual for the COVID-19 virus.

30.    Despite the fact that other non-disabled workers (such as Ms. Canady herself) could work from home, Ms. Ford informed our client that her position was inexplicably not eligible for remote work, and denied the request, to which Ms. Fraser also objected.

31.    Predictably, in response to Ms. Fraser's serious objections to RSV's violations of the law, Ms. Ford did nothing, and allowed the illegalities and discrimination at RSV to continue unchecked.

32.    As such, on June 23, 2020, in retaliation for our client's protected objections, Ms. Canady burst into Ms. Fraser's office, locked the door behind her,

and verbally berated and abused our client for objecting to Human Resources.

33.    Faced with such aggressive retaliation, Ms. Fraser reiterated all her previous objections to unlawful activity/discrimination at RSV.

34.    Accordingly, on June 26, 2020, Ms. Ford, Ms. Rizley, and Ms. Canady held a Zoom meeting with Ms. Fraser where they informed her that she was being fired, effective immediately.

35.    Specifically, Ms. Ford and Ms. Canady revealed that they denied Ms. Fraser the reasonable accommodation of remote work due to her being "not technologically savvy enough," and subsequently made the decision to fire her.

36.    RSV weaponized Ms. Fraser's age against her in order to falsely justify denying her reasonable disability accommodations under the law, in violation of both the ADA/ADEA, and the FCRA.

37.    Plaintiff was terminated because of her age.

38.    Plaintiff was terminated because she opposed and refused to participate in illegal activities.

39.    The person who replaced Plaintiff and assumed her job responsibilities and duties following her termination was substantially younger than Plaintiff.

40.    Defendant's reason for Plaintiff's termination was a pretext designed to rid the workplace of an older worker.

41.    Also, such a discriminatory, and retaliatory termination is exactly the type of adverse employment action that the ADA and FCRA, were intended to prevent.

42.    Defendant's termination of Ms. Fraser also stemmed from its discriminatory animus toward her very recent request for accommodation under the ADA/FCRA, and her recent objections to RSV's discriminatory actions.

43.    The timing of Plaintiff's termination makes the causal connection between her request for reasonable accommodation under the ADA/FCRA, her objections regarding disability discrimination, and her termination sufficiently clear.

44.    The person to whom Plaintiff voiced her objections to Defendant's discrimination was a decision-maker in terms of retaliating against Plaintiff by terminating her employment.

45.    The facts surrounding Plaintiff's termination create a strong inference of disability discrimination in violation of the ADA/FCRA.

46.    Defendant was aware of Plaintiff's ADA/FCRA-protected disability and need for reasonable accommodation.

47.    An employer is required to provide its disabled employees with a reasonable accommodation, if that reasonable accommodation would allow that employee to perform the essential functions of her job, unless doing so would impose

an undue hardship. *Smith v. Avatar Properties, Inc.*, 714 So. 2d 1103, 1107 (Fla. 5th DCA 1998).

48.     Ms. Fraser is an individual with a disability who, with minimal reasonable accommodation, was fully capable of performing the essential functions of her job as a Manager.

49.     By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADA and the FCRA.

50.     Defendant, however, being well aware of Plaintiff's condition, discriminated and retaliated against Plaintiff for requesting reasonable accommodation, and for objecting to disability discrimination.

51.     In short, despite the availability of reasonable accommodation under the ADA and FCRA, Defendant discriminated against Ms. Fraser based solely upon her disability.

52.     At all times material hereto, Plaintiff was ready, willing and able to perform her job duties and otherwise qualified for her position, with "reasonable accommodation."

53.     Pleading in the alternative, Defendant perceived Plaintiff as being "disabled," and therefore unable to perform the essential functions of her position, despite the fact that Plaintiff could perform same with reasonable accommodation.

54.     Pleading in the alternative, Plaintiff's impairment did not substantially limit a major life activity but was treated by Defendant as if it did.

55.     Pleading in the alternative, Plaintiff's medical condition constituted an impairment that limited a major life activity only because of Defendant's attitude toward the impairment.

56.     Pleading in the alternative, Plaintiff had no impairment, whatsoever, but was treated by Defendant as having a disability as recognized by the ADA/FCRA.

57.     Plaintiff was a disabled individual, or otherwise perceived as disabled by Defendant, during her employment.  Therefore, she is protected class member as envisioned by the ADA and the FCRA.

58.     Plaintiff suffered sufficiently severe and pervasive treatment, and ultimately termination, because of her disability and/or "perceived disability."

59.     Plaintiff's objections were considered protected activity pursuant to Fla. Stat. § 448.102(3), and qualified Ms. Fraser as a whistleblower under the law.

60.     In *Aery v. Wallace Lincoln–Mercury, LLC*, 118 So.3d 904, 916 (Fla. 4th DCA 2013), the Court made clear that it is unlawful to adversely affect an employee for engaging in the "protected conduct" of objecting to, or refusing to partake in, unlawful activity, or what the employee reasonably believes to be illegal conduct.  *See id.*  at 916 (To establish a violation of the FWA, an employee must

establish that: (1) she objected to or refused to participate in an illegal activity, policy, or practice or what he reasonably believed to be an illegal activity, policy, or practice; (2) she suffered an adverse employment action; and (3) the adverse employment action was causally linked to her objection or refusal).

61.    Plaintiff was terminated in direct retaliation for reporting and objecting to Defendants' unlawful actions, or what she reasonably believed to be unlawful actions, in violation of Section 448.102 (3), Florida Statutes. *See Aery,* 118 So. 3d at 916.

62.    Any other reason given for Plaintiff's termination is a pretext, designed to cover up disability and age discrimination and retaliation.

63.    Defendant did not have a good faith basis for its actions.

64.    Defendant did not have a legitimate, non-retaliatory reason, for its actions.

65.    As a result of Defendant's illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which she is entitled.

## COUNT I
## DISCRIMINATION UNDER THE ADEA

66.     Plaintiff re-alleges and re-adopts the allegations contained in paragraphs

1 through 65 of the Complaint, as if fully set forth in this Count.

67.     Plaintiff was over forty (40) years old when she was terminated.

68.     Plaintiff was not terminated for cause.

69.     Plaintiff was terminated because of her age, and would not have been

terminated but for her age.

70.     Defendant did not have a legitimate, non-discriminatory reason for

terminating Plaintiff.

71.     Plaintiff was replaced by an employee who was substantially younger

than Plaintiff.

72.     Plaintiff's job duties were taken over by an employee significantly

younger than Plaintiff, who was less qualified than Plaintiff.

73.     Defendant's termination of Plaintiff was willful and intentional, and

evidences a reckless disregard for Plaintiff's rights against age discrimination.

74.     Defendant had no good faith basis for terminating Plaintiff based on her

age, and Plaintiff is entitled to liquidated damages based on these actions.

75.     Prior to terminating Plaintiff, Defendant did not consult with the EEOC,

Department of Labor, or legal counsel to determine whether Plaintiff's termination,

based on her age, was in compliance with the ADEA.

**WHEREFORE**, Plaintiff prays that this Court will Issue a declaratory judgment that the discrimination against Plaintiff by Defendant was a violation of Plaintiff's rights under the ADEA; Require that Defendant make Plaintiff whole for her losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay; Grant Plaintiff a judgment against Defendant for all lost wages and compensatory damages, including liquidated damages; Award Plaintiff her reasonable attorney's fees and litigation expenses against Defendant pursuant to the ADEA; Provide any additional relief that this Court deems just and proper.

## COUNT II
## DISCRIMINATION UNDER THE FLORIDA CIVIL RIGHTS ACT BASED ON AGE

76.     Plaintiff re-alleges and re-adopts the allegations contained in paragraphs 1 through 65 of the Complaint, as if fully set forth in this Count.

77.     Plaintiff was over forty (40) years old when she was terminated.

78.     Plaintiff was not terminated for cause.

79.     Plaintiff was discriminated against based on her age.

80.     Defendant did not have a legitimate, non-discriminatory reason for terminating Plaintiff's employment.

81.     Plaintiff was replaced by an employee who was substantially younger than Plaintiff.

82.    Plaintiff's job duties were taken over by an employee who was significantly younger than Plaintiff.

83.    The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against age discrimination under the Florida Civil Rights Act, Chapter 760, Fla. Stat.

84.    Plaintiff was fired because of her age, and would not have been fired but for her age.

85.    The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

86.    The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant to deter Defendant, and others, from such conduct in the future.

87.    Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 760.11(5), Fla. Stat.

88.    Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff prays that this Court will: Issue a declaratory judgment that the discrimination against Plaintiff by Defendant was a violation of Plaintiff's rights under the FCRA; Require that Defendant make Plaintiff whole for her losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay; Grant Plaintiff a judgment against Defendant for damages, including, but not limited to, wage loss, compensatory, and punitive damages; Award Plaintiff her reasonable attorney's fees and litigation expenses against Defendant pursuant to 760.11(5), Fla. Stat.; and Provide any additional relief that this Court deems just.

## COUNT III
## DISCRIMINATION UNDER THE ADA

89.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 65, above.

90.     The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the ADA.

91.     "Reasonable accommodation" under the ADA may include "job restructuring, part-time or modified work schedules, reassignment to a vacant position, acquisition or modification of equipment or devices . . .and other similar accommodations." 42 U.S.C. § 12111(9)(B).

92.     The discrimination to which Plaintiff was subjected was based on her disabilities and/or "perceived disabilities."

93.     The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

94.     Plaintiff has suffered damages as a result of Defendant's illegal conduct toward her.

95.     The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

96.     Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT IV
## DISCRIMINATION UNDER THE FLORIDA CIVIL RIGHTS ACT BASED ON DISABILITY

97.   Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 65 above.

98.   The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the FCRA, Chapter 760, Florida Statutes.

99.   The discrimination to which Plaintiff was subjected was based on her disabilities/handicaps, or "perceived disabilities."

100.   The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

101.   The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

102.   Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to section 760.11(5), Florida Statutes.

103.   Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

<u>COUNT V</u>
<u>RETALIATION UNDER THE ADA</u>

104.   Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 65 above.

105.   Plaintiff was terminated within close temporal proximity of her objections to Defendant that she felt she was being discriminated against based on her disability, and her request for reasonable accommodation.

106.   Plaintiff's objections, and request for reasonable accommodation, constituted protected activity under the ADA.

107.   "Reasonable accommodation" under the ADA may include "job restructuring, part-time or modified work schedules, reassignment to a vacant position, acquisition or modification of equipment or devices . . .and other similar accommodations." 42 U.S.C. § 12111(9)(B).

108.   Plaintiff was terminated as a direct result of her objections to what she reasonably believed to be disability discrimination, and her request for reasonable accommodation.

109.   Plaintiff's protected activity, and her termination, are causally related.

110.   Defendant's stated reasons for Plaintiff's termination are a pretext.

111.   The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

112.   The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it and others from such conduct in the future.

113.   Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

114.   Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT VI
## RETALIATION UNDER THE FLORIDA CIVIL RIGHTS ACT
## BASED ON DISABILITY

115.   Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 65, above.

116.   Plaintiff was terminated within close temporal proximity of her objections to Defendant that she felt she was being discriminated against based on her disability, and her request for reasonable accommodation.

117.   Plaintiff's objections, and request for reasonable accommodation, constituted protected activity under the FCRA.

118.   Plaintiff was terminated as a direct result of her objections to what she reasonably believed to be disability discrimination, and her request for reasonable accommodation.

119.   Plaintiff's protected activity, and her termination, are causally related.

120.   Defendant's stated reasons for Plaintiff's termination are a pretext.

121.   The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

122.   The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it and others from such conduct in the future.

123.   Plaintiff is entitled to recover her reasonable attorneys' fees and litigation expenses pursuant to Section 760.11(5), Florida Statutes.

124.   Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

## COUNT VII
## FLORIDA'S PRIVATE WHISTLEBLOWER ACT – UNLAWFUL RETALIATION

125.   Plaintiff realleges and incorporates all allegations contained within Paragraphs 1 through 65 of the Complaint as if fully set forth herein.

126.   On June 26, 2020, Defendant illegally terminated Plaintiff from her employment in violation of Section 448.102(3), Florida Statutes.

127.   Plaintiff was retaliated against and terminated in violation of Section 448.102(3), Florida Statutes, for objecting to illegal activity, or what she reasonably believed to be illegal activity, being conducted by Defendant, or for refusing to participate in same.

128.   Plaintiff objected to a violation of a law, rule, or regulation, or what she reasonably believed to be a violation of a law, rule, or regulation, or refused to participate in same, and was terminated as a direct result of same, which constitutes a violation of the FWA.

129.   As a result of Defendant's intentional, willful and unlawful actions, Plaintiff has suffered damages, including, but not limited to, lost wages, lost benefits, lost employment status, as well as humiliation, pain and suffering, and other monetary and non-monetary losses.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, and emotional distress damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury on all issues so triable.

Dated this 6th day of December, 2021.

Respectfully submitted,

***/s/Noah E. Storch***
Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A.
10368 W. State Road 84, Suite 103
Davie, FL 33324
Telephone: (866) 344-9243
Facsimile:  (954) 337-2771
E-mail:  **noah@floridaovertimelawyer.com**

*Trial Counsel for Plaintiff*